BLANCHE ROWE, ADMINISTRATRIX, (ESTATE OF KETURAH ABRAMS) *vs.* THOMAS J. ENGLISH.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 5th—decided June 14th, 1932.

*Herbert W. Hamlin* and *Raymond E. Baldwin,* for the appellant (plaintiff).

*DeLancey S. Pelgrift,* for the appellee (defendant).

MALTBIE, C. J.   Plaintiff's decedent was killed by being struck by an automobile driven by the defendant's son and agent.   The decedent was crossing a much traveled highway, the Boston Post Road, in the town of Greenwich.   The complaint was in three counts, the first two specifying negligence of the driver of the automobile in certain respects and the third alleging that decedent's death was due "solely" to the negligence of the driver in certain respects and then expressly invoking the last clear chance doctrine.   The jury returned separate verdicts upon each count, finding for the defendant upon the first two and for the plaintiff upon the third.   As the specifications of negligence in the third, aside from the last clear chance doctrine, were a repetition of similar specifications in the first two counts, the verdict for the defendant upon these counts negatived the right of the plaintiff to recover for any primary negligence of the driver of the

automobile. The verdict upon the third count must have been based solely upon the doctrine of the last clear chance. The action of the trial court in setting aside the verdict upon this count must be sustained unless there was evidence from which the jury could reasonably reach the conclusion that the elements necessary for its application were present. In considering this question, it is to be remembered that, as the doctrine has no place in the case unless the plaintiff was guilty of negligence, we must assume the jury to have found that to be so.

No one saw the decedent until just prior to the accident. The defendant offered the testimony of the driver of the car and his companion riding upon the front seat with him, whose evidence was that the decedent was first seen by them to the left of the car running across the road toward it, some feet away from the path it was taking, that the car was immediately swerved to the right, but that the decedent continued running until she was struck by the left front headlight. If the jury found this to be the situation, the case clearly would not be one for the application of the doctrine, for the only reasonable conclusion would be that the decedent's negligence continued to the time of the injury and was a substantial factor in bringing it about. *Correnti* v. *Catino, post,* 213, 160 Atl. 892. The only other eyewitness of the accident was a driver of a truck who was approaching in an opposite direction but who did not see the decedent until the moment she was struck.

The plaintiff relies upon certain bits of testimony given by these witnesses and certain inferences which she claims the jury might reasonably have drawn particularly from tire marks observed after the accident, and in this way she deduces a situation which she claims justifies the application of the doctrine. The

view of the situation most favorable to the plaintiff which the jury could reasonably have taken is this: The highway is of concrete divided longitudinally into four strips, with macadam shoulders. The driver of the defendant's car, proceeding westerly, drew out to his left to pass a slowly moving car ahead of him. After passing it he turned back to the right, and was proceeding with his car straddling the dividing line between the two strips of highway to his right of its center line. He saw the decedent in the roadway, swerved his car to the right till his left wheel was just upon the edge of the concrete and the other wheel upon the shoulder of the road and applied his brakes. He then drove about twenty-eight feet in a straight line until he struck the decedent. The car then again swerved to the right and ran off the highway, stopping forty-two feet from the place of the accident. If the jury found this to be the way in which the accident occurred, it still would remain for them to find, before the doctrine of the last clear chance could be applied, that the decedent had come into a situation of peril from the defendant's automobile in time for its driver to see her and by reasonable diligence avoid injury to her. The difficulty with the plaintiff's position is that, in the situation pictured, there is no reasonable basis upon which the jury could find this to be so. There is nothing in these facts, for example, which in any way negatives the possibility that the decedent continued in motion across the road at all times until the accident occurred, and that, had she seen the defendant's automobile approaching, she could have stopped and permitted it to pass in front of her. What her conduct was just before the accident, if the defendant's claims as to the facts were rejected by the jury, would be a matter of pure speculation. It follows that the trial court was correct in holding that the jury could

not reasonably find facts to have been proven which would justify the application of the doctrine and the court was right in setting the verdict aside.

There is no error.

In this opinion the other judges concurred.